IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MICHAEL MOORE and TROY MILES,<br><br>   Plaintiffs,<br><br> v.<br><br>FULL LIFE HAWAII; PROSERVICES HAWAII; JAMES (JIM) KILGORE, in his official capacity as Executive Director of Full Life; DAVID COOPER, in his official capacity as Program Director for Full Life; AMERICA JENKINS (aka "AJ"), in her official capacity as Director of People for Full Life; LYRRA SAYMO, in her official capacity as TDI Claims Examiner at ProService Hawaii,<br><br>   Defendants. | CIV. NO. 25-00338 JMS-RT<br><br>ORDER GRANTING DEFENDANTS DAVID COOPER AND AMERICA JENKINS' MOTION TO DISMISS, ECF NO. 39 |

**ORDER GRANTING DEFENDANTS DAVID COOPER AND AMERICA JENKINS' MOTION TO DISMISS, ECF NO. 39**

## I. INTRODUCTION

Defendants David Cooper and America Jenkins ("Cooper and Jenkins") move to dismiss Count VI of pro se Plaintiffs Michael Moore and Troy Miles' ("Plaintiffs'") First Amended Complaint ("FAC"). *See* ECF No. 39 ("Motion to Dismiss"). Count VI makes claims under 42 U.S.C. § 1983 against Cooper and Jenkins as "Individual Defendants in their Official Capacities." ECF

No. 36 at PageID.262.  Cooper and Jenkins are employees of co-Defendant Full

Life Hawaii ("Full Life"), which is alleged to be "a Hawaii non-profit

corporation," *id.* at PageID.251, not a governmental agency.  As explained to

follow, the Motion to Dismiss is GRANTED because Cooper and Jenkins did not

act "under color of law" as necessary for a valid claim under § 1983.

## II.  <u>BACKGROUND</u>

Plaintiffs filed this suit on August 11, 2025, making claims for

discrimination and retaliation in violation of Title VII of the Civil Rights Act of

1964 ("Title VII"), the Family and Medical Leave Act ("FMLA"), the Americans

with Disabilities Act ("ADA"), and 42 U.S.C. § 1983.  ECF No. 1.  On December

31, 2025, Plaintiffs filed the FAC, alleging essentially the same causes of action.

ECF No. 36.  The FAC details alleged instances of discrimination, protected

activity, and adverse actions that occurred during Plaintiffs' employment with Full

Life from 2023 until June 2024 (as to Miles) and June 2025 (as to Moore).  *Id.* at

PageID.253–258.  It alleges claims against Full Life; ProService Pacific, LLC, dba

ProService Hawaii ("ProService"); and individual Defendants James Kilgore

(alleged to be "Executive Director of Full Life"), Jenkins (alleged to be "Director

of People for Full Life"), Cooper (alleged to be "Program Director for Full Life"),

and Lyrra Saymo (alleged to be "a TDI Claims Examiner for Proservice Hawaii").

*Id.* at PageID.251–252.

The Motion to Dismiss concerns only Count VI, which is titled "Violations of Equal Protection (42 U.S.C. § 1983) (All Plaintiffs against Individual Defendants in their Official Capacities)." *Id.* at PageID.262.[1]  The Motion to Dismiss, filed on January 16, 2026, argues that Cooper and Jenkins did not act under color of state law in their employment with Full Life.  *See generally* ECF No. 39.  The court sets forth the specific allegations of the FAC regarding Full Life's status in the discussion section to follow.  Plaintiffs filed an Opposition on February 10, 2026, ECF No. 45, and a Reply was filed on February 17, 2026, ECF No. 46.  Plaintiffs filed a Sur-reply on February 23, 2026.  *See* ECF No. 47-2.  The court decides the Motion to Dismiss under Local Rule 7.1(c) without a hearing.

### III.  <u>STANDARD OF REVIEW</u>

Federal Rule of Civil Procedure 12(b)(6) permits a motion to dismiss for "failure to state a claim upon which relief can be granted."  A Rule 12(b)(6) dismissal is proper when there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged."  *UMG Recordings, Inc. v. Shelter Cap. Partners LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013) (quoting *Balistreri v. Pacifica*

---

[1]  The Motion is brought only by Cooper and Jenkins, although claims against Kilgore and Saymo in Count VI are also subject to the same analysis in this Order.  The Motion explains that Kilgore and Saymo have disputed whether they have been properly served.  *See* ECF No. 39 at PageID.284 n.1.  It is unclear what the relationship is, if any, between Full Life and ProServices.

*Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)).  Rule 12 is read in conjunction

with Rule 8(a)(2), which "requires only 'a short and plain statement of the claim

showing that the pleader is entitled to relief,' in order to 'give the defendant fair

notice of what the . . . claim is and the grounds upon which it rests.'"  *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2);

*Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  The pleading standard "does not

require 'detailed factual allegations,' but it demands more than an unadorned, the

defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662,

678 (2009) (quoting *id.*).  "To survive a Rule 12(b)(6) motion to dismiss for failure

to state a claim, a complaint must offer 'more than labels and conclusions,' and

instead contain 'enough factual matter' indicating 'plausible' grounds for relief, not

merely 'conceivable' ones."  *Banks v. N. Tr. Corp.*, 929 F.3d 1046, 1055–56 (9th

Cir. 2019) (quoting *Twombly*, 550 U.S. at 555–56).  And in a 12(b)(6) analysis, the

court accepts as true the material facts alleged in the complaint and construes them

in the light most favorable to the nonmovant.  *Steinle v. City & County of San*

*Francisco*, 919 F.3d 1154, 1160 (9th Cir. 2019).

## IV.  **DISCUSSION**

Cooper and Jenkins challenge Count VI—"Violation of Equal

Protection (42 U.S.C. § 1983)," ECF No. 36 at PageID.262—which is the only

count brought against them as "Individual Defendants in their Official Capacities,"

*id.*[2]  They contend that a claim under § 1983 necessarily fails because they are

private persons—not acting on behalf of the government—and thus did not act

"under color of law."  The court agrees.

A valid § 1983 claim must allege facts showing that a defendant acted

"under color of any statute, ordinance, regulation, custom or usage of any State"

and caused "the deprivation of any rights, privileges, or immunities secured by the

Constitution and laws."  42 U.S.C. § 1983.[3]  A plaintiff must allege both that: (1) a

right secured by the Constitution or laws of the United States was violated, and

(2) the right was by a person acting under color of state law.  *West v. Atkins*, 487

U.S. 42, 48–49 (1988); *Heineke v. Santa Clara Univ.*, 965 F.3d 1009, 1012 (9th Cir.

2020).  The second prong may be met with a showing of "state action."  *Lugar v.*

---

[2]  The other five counts are brought against Full Life and ProService as entities.

[3]  Section 1983 provides:

> Every person who, under color of any statute, ordinance,
> regulation, custom, or usage, of any State or Territory or the
> District of Columbia, subjects, or causes to be subjected, any
> citizen of the United States or other person within the jurisdiction
> thereof to the deprivation of any rights, privileges, or immunities
> secured by the Constitution and laws, shall be liable to the party
> injured in an action at law, suit in equity, or other proper
> proceeding for redress, except that in any action brought against a
> judicial officer for an act or omission taken in such officer's
> judicial capacity, injunctive relief shall not be granted unless a
> declaratory decree was violated or declaratory relief was
> unavailable.  For the purposes of this section, any Act of Congress
> applicable exclusively to the District of Columbia shall be
> considered to be a statute of the District of Columbia.

*Edmondson Oil Co*., 457 U.S. 922, 935 n.18 (1982) ("[C]onduct satisfying the state-action requirement of the Fourteenth Amendment satisfies the statutory requirement of action under color of state law [under § 1983].").  "Section 1983 'excludes from its reach merely private conduct, no matter how discriminatory or wrong.'"  *Heineke*, 965 F.3d at 1012 (quoting *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999)).

The court starts "with the presumption that private conduct does not constitute governmental action."  *Id.* (quoting *Sutton*, 192 F.3d at 835).  The Ninth Circuit recognizes "'at least four different criteria, or tests, used to identify state action: "(1) public function; (2) joint action; (3) governmental compulsion or coercion; and (4) governmental nexus.'"  *Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003) (quoting *Sutton*, 192 F.3d at 835–36) (internal quotation marks omitted).  "Satisfaction of any one test is sufficient to find state action, so long as no countervailing factor exists."  *Rawson v. Recovery Innovations, Inc.*, 975 F.3d 742, 747 (9th Cir. 2020) (quoting *Kirtley*, 326 F.3d at 1092).  However, "[a]t bottom, the inquiry is always whether the defendant has 'exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'"  *Id.* at 748 (quoting *West*, 487 U.S. at 42) (some quotation marks omitted).  The fundamental question under each test is

whether the private entity's challenged actions are "fairly attributable" to the state. *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982).

Moreover, in analyzing whether a private entity has acted as a state actor, a court "begins by identifying 'the specific conduct of which the plaintiff complains,'" *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 51 (1999) (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982)), rather than just considering the entity's general characteristics. "It is important to identify the function at issue because an entity may be a State actor for some purposes but not for others." *Caviness v. Horizon Cmty. Learning Ctr.*, Inc., 590 F.3d 806, 812–13 (9th Cir. 2010) (quoting *Lee v. Katz*, 276 F.3d 550, 555 n.5 (9th Cir. 2002)). For example, in concluding that an entity was not a state actor, *Caviness* reasoned in part that even though Arizona had designated a private school to operate as a public state charter school for education purposes, that designation did not control whether the school was a state actor for employment purposes. *Id.* at 814. "The purpose of this requirement is to assure that constitutional standards are invoked only when it can be said that the State is *responsible* for the specific conduct" being challenged. *Blum*, 457 U.S. at 1004.

A private entity's receipt of public funds does not turn private action into state action, and private contractors do not become government actors merely because of the contractors' engagement in government contracts. *See Rendell-*

*Baker*, 457 U.S. at 841 ("Acts of . . . private contractors do not become acts of the government by reason of their significant or even total engagement in performing public contracts."); *see also Heineke*, 965 F.3d at 1013 ("Receipt of government funds is insufficient to convert a private university into a state actor, even where 'virtually all of the school's income is derived from government funding.'") (quoting *Rendell-Baker*, 457 U.S. at 840) (brackets omitted)).

Similarly, a private entity does not perform "state action" merely by acting in accordance with state regulations. *See Rendell-Baker*, 457 U.S. at 841. "Action taken by private entities with the mere approval or acquiescence of the State is not state action." *Sullivan*, 526 U.S. at 52; *see also Blum*, 457 U.S. at 1004 ("[T]he mere fact that a business is subject to state regulation does not by itself convert its action into that of the State for purposes of the Fourteenth Amendment.") (quoting *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 350 (1974)); *Kitchens v. Bowen*, 825 F.2d 1337, 1339–40 (9th Cir. 1987) (finding no federal action even where federal law conditioned state's receipt of federal funds on compliance with statutes and regulations in administering Aid to Families with Dependent Children program). Moreover, subjecting a private actor's conduct to penalties, such as loss of government funding, is also insufficient to convert private action into state action. *See, e.g.*, *Blum*, 457 U.S. at 1010 ("[P]enalties imposed for violating the regulations add nothing to respondents' claim of state action.").

Here, Plaintiffs allege that Cooper and Jenkins are employees of Full

Life, ECF No. 36 at PageID.252, and that:

> Full Life operates as a Medicaid Waiver Provider
> under strict contract and regulation by the State of
> Hawaii.  Upon information and belief, Full Life
> receives approximately 100% of its funding from
> State and Federal sources.  In addition to funding,
> the State exercises coercive power and joint
> participation in employment standards, audits,
> corrective action plans, and enforcement through
> the Medicaid Waiver Provider Standards and
> DDD[4] oversight.  Full Life acts as an
> instrumentality of the State.

*Id.* at PageID.251.  Similarly, Count VI alleges that:

> At all relevant times, Defendants Kilgore, Jenkins,
> Cooper, and Saymo acted under color of state law.
> Defendant Full Life operates as an instrumentality
> of the State of Hawaii, receiving 100% of its
> funding from the State to perform essential public
> services (Medicaid Waiver services) under strict
> state regulation.

---

[4]  "DDD" apparently refers to the State of Hawaii, Department of Health, Developmental Disabilities Division.  Although not detailed in the First Amended Complaint, the Hawaii Department of Health describes Medicaid "Waiver Providers" as follows:

> A Medicaid I/DD Waiver provider is an individual, company or
> organization that has been recommended by DDD to be approved
> for a Medicaid Provider Agreement with the Department of
> Human Services, Med-QUEST Division (MQD).  Approved
> providers are paid by Medicaid to provide direct services to
> Medicaid I/DD Waiver participants in compliance with all waiver
> requirements, federal and state laws, and Waiver Standards.
> Providers may be for-profit or non-profit.

*See* https://health.hawaii.gov/ddd/participants-families/waiver-services-providers/ [https://perma.cc/VYT3-3XN9].

*Id.* at PageID.262 (emphasis omitted).

These allegations are insufficient to establish that Cooper and

Jenkins acted under "color of law" for purposes of § 1983 as employees of Full

Life.  Initially, the "specific conduct of which the plaintiff complains," *Blum*, 457

U.S. at 1004, is employment discrimination, not any implementation of Medicaid

funding or its goals.  The FAC "arises from Defendants' systematic

discrimination against employees based on race and disability, and retaliation

against employees who exercise their rights under federal law."  ECF No. 36 at

PageID.250.  To that end, the FAC alleges claims under the FMLA, the ADA, and

Title VII (in addition to Count VI for a violation of equal protection under

§ 1983).  Even assuming as true the allegations that Full Life received all its

funding from government sources as a Medicaid Waiver Provider and was subject

to accompanying restrictions and regulatory requirements, the challenged actions

are not related to receipt of Medicaid funding.  Full Life's employment decisions

(even if discriminatory) are not those of the government.  *See, e.g.*, *Rendell-

Baker*, 457 U.S. at 641–42 (finding no state action for state-funded private

school's discharge decision even if extensively regulated and the government had

the power to approve hiring decisions); *Caviness*, 590 F.3d at 814.

And it is equally clear that Plaintiffs' allegations do not establish that

Full Life acted under color of law.  Government funding by itself does not establish

10

state action.  *See Rendell-Baker*, 457 U.S. at 841; *Heineke*, 965 F.3d at 1013.

Government regulation and possible penalties, even if related to funding, do not

convert private action into state action.  *See, e.g.*, *Sullivan*, 526 U.S. at 52; *Rendell-*

*Baker*, 457 U.S. at 841–42; *Blum*, 457 U.S. at 1004; *Jackson*, 419 U.S. at 350;

*Kitchens*, 825 F.2d at 1339–40.  And so, the alleged actions by Full Life—a private

company—are not actions of the government, again even assuming as true the

FAC's allegations that "the State exercises coercive power and joint participation

in employment standards, audits, corrective action plans, and enforcement through

the Medicaid Waiver Provider Standards."[5]  The FAC fails to state a § 1983 claim

against Cooper and Jenkins.[6]  *See Rendell-Baker*, 457 U.S. at 841; *see also, e.g.*,

*Houston v. Highland Care Ctr., Inc.*, 2024 WL 638721, at *2 (E.D.N.Y. Jan. 26,

2024) ("The defendant is not a state actor simply because it participated in

_____

[5]  The court is not persuaded by Plaintiffs' argument made in their Sur-Reply that the State "controls the very subject matter of the challenged employment action."  *See* ECF No. 47-2 at PageID.398.  The challenged alleged conduct—"systematic discrimination against employees based on race and disability, and retaliation against employees who exercise their rights under federal law," ECF No. 36 at PageID.250—is not prohibited by the State's control of Full Life through Medicaid regulations; it would be prohibited regardless of Full Life's relationship with the State.  Plaintiffs' remedy, if any, lies in other statutes such as Title VII, which are pled in other Counts of the FAC.

[6]  The court need not reach the alternate arguments that the FAC is defective because suing the individual defendants "in their official capacities" with an entity is equivalent to suing the entity itself, or that judicial estoppel somehow applies.  Although Plaintiffs seek to clarify in an amended pleading that they are suing the individuals both individually and officially, ECF No. 45 at PageID.375, such an amendment would be futile.  Because neither the individuals nor Full Life itself acted under color of law, it makes no difference whether § 1983 claims are filed in an individual or official capacity.  The claim fails regardless of the capacity.

Medicare and Medicaid programs. . . . [and] the defendant's participation in and regulation by federal and state programs does not convert it into a state actor subject to liability under 42 U.S.C. § 1983. . . ."); *Hintermaier v. Hands of Hope Physical Therapy & Wellness*, 2025 WL 384559, at *3 (S.D.N.Y. Feb. 4, 2025) (citing numerous cases holding that a defendant is not a state actor by affiliating with or participating in Medicaid programs).

Further, the court also concludes that Plaintiffs could not amend Count VI with any facts that would make Full Life a state actor for purposes of § 1983.[7]  Accordingly, the dismissal of Count VI is with prejudice as to Cooper and Jenkins.  *See, e.g.*, *Lathus v. City of Huntington Beach*, 56 F.4th 1238, 1243 (9th Cir. 2023) ("Although leave to amend should be given freely . . . denying leave is not an abuse of discretion if 'it is clear that granting leave to amend would have been futile . . . .'") (quoting *Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1061 (9th Cir. 2004)).

---

[7]  Even if, for example, Plaintiffs could allege specific facts that Medicaid regulations themselves were violated, it would not relate to the nature of their suit, which is based on race or disability discrimination.  *Cf. Greenspan v. United States Sec. & Exch. Comm'n*, 2025 WL 901168, at *2 (D.D.C. Mar. 25, 2025) (reiterating that "where the complaint, as amended, would radically alter the scope and nature of the case and bears no more than a tangential relationship to the original action, leave to amend should be denied") (editorial marks omitted) (quoting *Mississippi Ass'n of Cooperatives v. Farmers Home Admin.*, 139 F.R.D. 542, 544 (D.D.C. 1991)).

# V. **CONCLUSION**

For the foregoing reasons, Defendants Cooper and Jenkins' Motion to Dismiss, ECF No. 39, is GRANTED.  Because further amendment as to Count VI would be futile, Count VI is DISMISSED with prejudice as to Defendants Cooper and Jenkins.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, February 25, 2026.



       /s/ J. Michael Seabright
      J. Michael Seabright
      United States District Judge