IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MICHAEL MOORE and TROY MILES,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>FULL LIFE HAWAII; PROSERVICE HAWAII; JAMES (JIM) KILGORE, in his official capacity as Executive Director of Full Life; DAVID COOPER, in his official capacity as Program Director for Full Life; AMERICA JENKINS (aka "AJ"), in her official capacity as Director of People for Full Life; LYRRA SAYMO, in her official capacity as TDI Claims Examiner at ProService Hawaii,<br><br>　　　　Defendants. | CIV. NO. 25-00338 JMS-RT<br><br>ORDER (1) OVERRULING PLAINTIFFS' OBJECTION TO MAGISTRATE JUDGE'S ORDER, ECF NO. 69; (2) AFFIRMING MARCH 3, 2026 ORDER DENYING PLAINTIFFS' REQUEST FOR ENTRY OF DEFAULT; AND (3) CLARIFYING THAT COUNT VI OF THE FIRST AMENDED COMPLAINT IS DISMISSED AS TO ALL DEFENDANTS |

**ORDER (1) OVERRULING PLAINTIFFS' OBJECTION TO MAGISTRATE JUDGE'S ORDER, ECF NO. 69; (2) AFFIRMING MARCH 3, 2026 ORDER DENYING PLAINTIFFS' REQUEST FOR ENTRY OF DEFAULT; AND (3) CLARIFYING THAT COUNT VI OF THE FIRST AMENDED COMPLAINT IS DISMISSED AS TO ALL DEFENDANTS**

## I. **INTRODUCTION**

On April 13, 2026, Plaintiffs Michael Moore and Troy Miles

("Plaintiffs"), proceeding pro se, filed an Objection pursuant to Federal Rule of

Civil Procedure 72(a) and 28 U.S.C. § 636(b)(1)(A) to a Magistrate Judge's March

31, 2026 Order Denying Reconsideration regarding a denial of entry of default

against Defendants James Kilgore ("Kilgore") and Lyrra Saymo ("Saymo").[1] *See* ECF No. 69. The Order Denying Reconsideration upheld the Magistrate Judge's March 3, 2026 entering order ("EO") that denied Plaintiffs' February 25, 2026 Request for Entry of Default against Kilgore and Saymo as to the First Amended Complaint ("FAC"). *See* ECF No. 54 (EO denying Plaintiffs' Request for Entry of Default, ECF No. 50). Based on the following, this court OVERRULES Plaintiffs' Objection and AFFIRMS the March 3, 2026 Order Denying Plaintiffs' Request for Entry of Default. The court also CLARIFIES that Count VI of the FAC is DISMISSED as to all Defendants.

## II. **<u>DISCUSSION</u>**

In contending that they were entitled to entry of default as to Kilgore and Saymo, Plaintiffs' Motion for Reconsideration primarily argued that Plaintiffs properly served the FAC on Kilgore and Saymo under Federal Rules of Civil Procedure 5(a)(1)(B) and 5(b)(1) because Plaintiffs had served Kilgore's and Saymo's counsel—the firm of Marr Jones & Wang LLLP ("MJW"). Plaintiffs relied on *Employee Painters' Trust v. Ethan Enterprises, Inc.*, 480 F.3d 993, 999– 1000 (9th Cir. 2007) (indicating that service under Rule 5 on counsel of record is

---

[1] The March 31, 2026 Order is titled "Order Denying Plaintiffs' Motion For Reconsideration of Order Denying Plaintiffs' Request For Entry of Default [ECF No. 54]; Request For Clarification of Service Requirements For Amended Complaint Upon Appeared Defendants." ECF No. 65 ("Order Denying Reconsideration").

legally sufficient for "a pleading subsequent to the original complaint").  MJW had already entered appearances for co-Defendants Full Life Hawaii, ProService Hawaii, David Cooper, and America Jenkins as to the original Complaint.[2]  *See* ECF Nos. 22, 25, 26, and 27.[3]  The Order Denying Reconsideration, however, distinguished authority like *Painters' Trust* by finding that—unlike in *Painters' Trust*—Plaintiffs here had failed to establish proper service of the original Complaint on either Kilgore or Saymo.  *See* ECF No. 65 at PageID.616–617, 619 (reasoning that "because Plaintiffs failed to serve the original *Complaint* on Kilgore and Saymo, Plaintiffs' argument that they served the *FAC* on defendants' attorneys via CM/ECF necessarily fails and does not warrant reconsideration").

On this point, Plaintiffs' Objection argues that the Magistrate Judge committed clear or manifest error because he made the predicate finding regarding lack of service of the original Complaint without due process.  Plaintiffs point out that the Magistrate Judge had deemed moot the prior challenges by Kilgore and Saymo to service of process of the original Complaint, *see* ECF No. 37, and they

---

[2]  MJW also entered appearances on behalf of those Defendants as to the FAC.  *See* ECF Nos. 39 to 41.

[3]  In contrast, MJW entered "special appearances" on behalf of Kilgore and Saymo, *see, e.g.*, ECF Nos. 28, 29, to contest service of process of the original Complaint.  To that end, MJW filed Motions to Dismiss the original Complaint on behalf of Kilgore and Saymo for insufficient service of process, *see* ECF Nos. 23, 24, and Plaintiffs had filed an Opposition to those motions, *see* ECF No. 33.  The Magistrate Judge, however, terminated those motions as moot after Plaintiffs filed the FAC on December 31, 2025 (without reaching whether service of the original Complaint had been proper).  *See* ECF No. 37.

3

argue that therefore the Magistrate Judge had never considered Plaintiffs' prior opposition arguing that service of the original Complaint was proper.

The court overrules the Objection and affirms the denial of entry of default, albeit on different grounds than the Order Denying Reconsideration.  In reviewing the FAC in the current posture of this case, the court determines that any current dispute regarding service of the original Complaint is purely academic.  Default should not have entered against Kilgore or Saymo as to the FAC regardless.  That is, even assuming for the sake of argument only that the original Complaint was properly served, entry of default as to Kilgore or Saymo would still have been improper.  And ultimately service makes no difference because the FAC fails as to the claims made against them.

"[T]he general rule is that an amended complaint supersedes the original complaint and renders it without legal effect . . . ."  *Lacey v. Maricopa County*, 693 F.3d 896, 927 (9th Cir. 2012).   The prior complaint "no longer performs any function and is treated thereafter as non-existent."  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) (internal quotation marks omitted).  Although the original Complaint appears to have made claims against Kilgore and Saymo in their individual capacities, *see, e.g.*, ECF No. 1 at PageID.4 ¶ 18, PageID.5 ¶ 25, the FAC—which superseded the original complaint—makes claims against Kilgore and Saymo only in their "Official Capacity for prospective

injunctive relief and liability under 42 U.S.C. § 1983." ECF No. 36 at PageID.251 ¶ 11 (Kilgore) and PageID.252 ¶ 14 (Saymo). In this regard, Kilgore is alleged to be "Executive Director of Full Life," *id.* at PageID.251, and Saymo is alleged to be "a TDI Claims Examiner for ProService Hawaii," *id.* at PageID.252.

But there can be no claim here against Kilgore or Saymo in any "official capacity." *See, e.g.*, *Burk v. Little*, 2023 WL 2955896, at *3 (E.D. Pa. Apr. 14, 2023) ("To the extent that claims are asserted against employees of the contract provider . . . in their 'official capacities,' such claims are not cognizable because that contract provider is a private entity.") (citations omitted). "Generally, a suit against [a] public officer in his or her official capacity is used to compel that officer to take some official action [but that] concept . . . is inapplicable to suits against private parties where the entity is also susceptible to suit." *Owens v. Connections Cmty. Support Programs, Inc.*, 840 F. Supp. 2d 791, 796 (D. Del. 2012) (citation omitted). "Indeed, a suit naming an individual in his official capacity is considered a suit against the employer." *Id.* (citations omitted). Even with a § 1983 suit against the government, "[o]fficial-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (quoting *Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658, 690, n.55 (1978)). It follows that there was no reason to serve the FAC on Kilgore or Saymo. It was

enough that their employers, Full Life Hawaii and ProService Hawaii, were served. And even if Plaintiffs' Request for Entry of Default is construed as a request as to Full Life Hawaii and ProService Hawaii, it would fail because those entities filed Answers to the FAC on January 16, 2026.  *See* ECF Nos. 40, 41.

It is equally clear that the FAC's claim in Count VI against Kilgore and Saymo in their "Official Capacit[ies] for prospective injunctive relief and liability under 42 U.S.C. § 1983," ECF No. 36 at PageID.251, 252, fails to state a plausible claim.  As this court ruled on February 25, 2026, in dismissing Count VI, the FAC fails to establish "state action" or action "under color of law" for purposes of a § 1983 claim.  *See* ECF No. 49 at PageID.413–415; *Moore v. Full Life Hawaii*, 2026 WL 523837, at *4 (D. Haw. Feb. 25, 2026).  Although the court's February 25, 2026 Order was based on a motion filed only by co-Defendants Cooper and Jenkins, its reasoning is equally applicable to Plaintiffs' claim in Count VI against Kilgore and Saymo (in any capacity)—as well as against Full Life Hawaii and ProService Hawaii.  The court on February 25, 2026 noted that "claims against Kilgore and Saymo in Count VI are also subject to the same analysis in this Order." ECF No. 49 at PageID.406 n.1; *Moore*, 2026 WL 523837, at *1 n.1.  The court also reasoned that "Plaintiffs' allegations do not establish that Full Life acted under color of law," ECF No. 49 at PageID.413; *Moore*, 2026 WL 423837 at *4, and further noted that "it makes no difference whether § 1983 claims are filed in an

6

individual or official capacity [and so] [t]he claim fails regardless of the capacity," ECF No. 49 at PageID.414 n.6, *Moore*, 2026 WL 423837, at *4 n.6.[4]  And so, to be clear, for the reasons stated in the February 25, 2026 Order, Count VI of the FAC is DISMISSED as to any claims against Kilgore and Saymo, as well as against Full Life Hawaii and Proservice Hawaii.[5]

### III.  CONCLUSION

For the foregoing reasons, (1) Plaintiffs' Objection to Magistrate Judge's Order Denying Motion for Reconsideration, ECF No. 69, is OVERRULED; (2) the March 3, 2026 Order denying Plaintiffs' Request for Entry of Default is AFFIRMED; and (3) the court clarifies that Count VI of the First Amended Complaint is DISMISSED at to all Defendants.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, April 14, 2026.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

---

[4]  Although the exact relationship between Full Life Hawaii and ProService Hawaii (if any) is unclear, there are no allegations in the FAC establishing that ProService Hawaii acted under color of law for purposes of a § 1983 claim.

[5]  This ruling applies even if, technically, only Cooper and Jenkins (in whatever capacity) filed the prior motion to dismiss Count VI.  *See, e.g.*, *Silverton v. Dep't of Treasury*, 644 F.2d 1341, 1345 (9th Cir. 1981) ("A [d]istrict [c]ourt may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants . . . .").